UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>    PAUL G. NICOL and<br>    DIANNE L. NICOL,<br><br>                  Debtors. | Chapter 7<br>Case No. 10-22567-JNF |

**APPLICATION OF DONALD R. LASSMAN, CHAPTER 7 TRUSTEE, FOR
AUTHORITY TO RETAIN DEMEO & ASSOCIATES, P.C., AS COUNSEL**

Donald R. Lassman, the duly-appointed chapter 7 trustee (the "Trustee") in the bankruptcy case of Paul G. Nicol and Dianne L. Nicol (the "Debtors"), hereby applies for entry of an order pursuant to section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Massachusetts Local Bankruptcy Rules ("MLBR"), authorizing the Trustee to retain Alex F. Mattera and the law firm of Demeo & Associates, P.C. ("Demeo"), as his counsel in this case. In support of this Application, the Trustee represents as follows:

## Background

1.    On November 18, 2010 (the "Petition Date"), the Debtors filed their voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (Eastern Division).

2.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. sections 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. section 157(b). The statutory predicate for the relief sought herein is section 327(a) of the Bankruptcy Code.

3.  By order of the Court dated November 19, 2010, the Trustee was appointed as Chapter 7 Trustee in the Debtors' bankruptcy case and continues to serve in that capacity.

**Relief Requested**

4.  By this Application, the Trustee seeks to employ and retain Demeo as his counsel in connection with the fulfillment of his duties as Trustee in this chapter 7 case.

5.  The Trustee has selected Demeo as his attorneys because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights under the Bankruptcy Code. Since it was contacted by the Trustee, Demeo has become familiar with the Debtors' financial affairs and many of the potential legal issues which may arise in the context of this chapter 7 case. As a result, Demeo is well suited to represent the Trustee in these proceedings.

6.  Subject to Court approval in accordance with sections 330(a) and 331 of the Bankruptcy Code, compensation will be payable to Demeo on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred and regularly charged by Demeo. Subject to Court approval, Demeo will bill for legal services in accordance with its ordinary and customary rates in effect on the date services are rendered. Demeo's current standard hourly rates range from $225 to $300 for attorneys. Demeo's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

7.  The hourly rates set forth above are Demeo's standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate Demeo for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

8.  It is also Demeo's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and facsimile charges, mail and express mail charges, special or

hand delivery charges, document retrieval, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs. Demeo will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to Demeo's other clients. Demeo believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

9. The professional services that Demeo will render to the Trustee include, but shall not be limited to, the following:

    a.    consultation with the Trustee concerning all matters relating to the administration of the estate;

    b.    providing assistance to the Trustee in preparing the motions, notices, complaints, and any other pleadings and documents that must be prepared or reviewed by an attorney and which are necessary to the administration of this case;

    c.    directing the activities of accountants or other professionals that are retained during these proceedings;

    d.    negotiating and documenting the sale of assets of the Debtors and preparing such motions and notices as are required in connection herewith;

    e.    assisting the Trustee in determining the existence of avoidable transfers and pursuing the avoidance and recovery of such transfers;

    f.    analyzing and determining the validity, status and priority of claims asserted against the Debtors' bankruptcy estate, including the potential avoidance of liens; and

    g.    performing all other legal services for the Trustee which may be appropriate in connection with this case.

10. To the best of the Trustee's knowledge, and except as disclosed in the attached affidavit of Alex F. Mattera, Esquire (the "Mattera Affidavit"), Demeo has not represented the Debtors' creditors or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or the estate.

11. To the best of the Trustee's knowledge, and except as disclosed in the Mattera Affidavit, Demeo does not hold or represent any interest adverse to the Debtors' estate, Demeo is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and Demeo's employment is necessary and in the best interests of the Debtors' estate.

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form attached hereto: (i) authorizing the Trustee to employ and retain Demeo as his counsel; and (ii) granting such other and further relief as is just and necessary.

Respectfully submitted,

DONALD R. LASSMAN,
Chapter 7 Trustee of the estate of
PAUL G. NICOL and DIANNE L. NICOL,

By his attorneys,

/s/  Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA  02110
Telephone:  (617) 263-2600
Facsimile:   (617) 263-2300
Email:         amattera@jdemeo.com

Dated:  December 29, 2010

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>PAUL G. NICOL and<br>DIANNE L. NICOL,<br><br>Debtors. | Chapter 7<br>Case No. 10-22567-JNF |

**AFFIDAVIT OF ALEX F. MATTERA IN SUPPORT OF
APPLICATION OF DONALD R. LASSMAN, CHAPTER 7 TRUSTEE, FOR
AUTHORITY TO RETAIN DEMEO & ASSOCIATES, P.C., AS COUNSEL**

ALEX F. MATTERA, duly sworn, deposes and says:

1. I am an attorney duly admitted to practice law in the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, the United States Court of Appeals for the First Circuit, and the United States Supreme Court.

2. I am an attorney at the law firm of Demeo & Associates, P.C. ("Demeo"), with offices at One Lewis Wharf, Boston, Massachusetts 02110.

3. This Affidavit is submitted in support of the *Application Of Donald R. Lassman, Chapter 7 Trustee, For Authority To Retain Demeo & Associates, P.C. As Counsel* (the "Application").

4. To the best of my knowledge, formed after reasonable inquiry, neither I nor any other partners, counsel or associates of Demeo holds any adverse interest to the above-captioned debtors (the "Debtors"), Donald R. Lassman, the chapter 7 trustee of the Debtors (the "Trustee"), any creditor or other party in interest herein, or their respective attorneys. Pursuant to 11 U.S.C.

section 327, Demeo is a "disinterested person" and I know of no reason why it cannot act as counsel to the Trustee.

5.   I and Demeo represent the Trustee in his capacity as trustee of other chapter 7 or 11 bankruptcy matters wholly unrelated to this matter.

6.   Neither I, nor any other partner, counsel or associates of Demeo, as far as I have been able to ascertain, has any other connection with the Trustee, the Debtors or creditors of the estate, or any other parties in interest herein, or their respective attorneys. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstance relating thereto. I am and each member of my firm is a "disinterested person" as that term is defined in 11 U.S.C. section 101(14).

7.   Subject to this Court's approval, in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure as may be applicable from time to time, the MLBR, and such other procedures as may be fixed by order of this Court, Demeo will seek compensation on an hourly basis, plus reimbursement of its actual and necessary expenses incurred in connection with performing services for and on behalf of the Trustee. Subject to the Court's approval, Demeo will bill for legal services in accordance with its ordinary and customary rates in effect on the date services are rendered, which rates Demeo believes are reasonable. Demeo's current standard hourly rates range from $225 to $300 for attorneys. Demeo's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

8.   It is Demeo's policy to charge its clients in all areas of practice for expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, telephone and facsimile charges, mail and express mail charges, special or hand

delivery charges, document retrieval, photocopying charges, travel expenses, computerized research, and transcription costs.

9. No agreement or understanding exists between me, Demeo and any other person for the sharing of compensation to be received in connection with this case. I have reviewed the provisions of MLBR 2016-1.

Signed under the pains and penalties of perjury this 29th day of December, 2010.

/s/ Alex F. Mattera
Alex F. Mattera

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>PAUL G. NICOL and<br>DIANNE L. NICOL,<br><br>Debtors. | Chapter 7<br>Case No. 10-22567-JNF |

## DECLARATION RE: ELECTRONIC FILING

PART I- DECLARATION OF PETITIONER

I *Alex F. Mattera*, *hereby declare under penalty of perjury* that all of the information contained in the following: **Affidavit Of Alex F. Mattera In Support Of Application Of Donald R. Lassman, Chapter 7 Trustee, For Authority To Retain Demeo & Associates, P.C., As Counsel** (the "Document"), filed electronically, is true and correct. I understand that this *DECLARATION* is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Documents. I understand that failure to file this *DECLARATION* may cause the Documents to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: December 29, 2010

_____
Alex F. Mattera
Affiant

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

In re

PAUL G. NICOL and
DIANNE L. NICOL,

Debtors.

Chapter 7
Case No. 10-22567-JNF

**ORDER AUTHORIZING DONALD R. LASSMAN, CHAPTER 7 TRUSTEE,
TO RETAIN DEMEO & ASSOCIATES, P.C., AS COUNSEL**

Upon the application (the "Application") of Donald R. Lassman, the duly-appointed chapter 7 trustee (the "Trustee") in the bankruptcy case of Paul G. Nicol and Dianne L. Nicol (the "Debtors"), seeking the entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Massachusetts Local Bankruptcy Rule 2014-1, inter alia, authorizing the Trustee to employ and retain Demeo & Associates, P.C. ("Demeo"), as his counsel; and upon the affidavit of Alex F. Mattera, an attorney of the Firm, in support thereof (the "Mattera Affidavit"); and the Court being satisfied, based on the representations made in the Application and in the Mattera Affidavit, that Demeo represents or holds no interest adverse to the Trustee, the Debtors or to the estate as to the matters upon which it is to be engaged, and further that Demeo is "disinterested" under section 101(14) of the Bankruptcy Code, and that the employment of Demeo is necessary and in the best interests of the Debtors' estate; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that Application is granted; and it is further

ORDERED that Demeo will seek approval of payment of compensation upon the filing of appropriate applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, this Court's Local Rules and Orders of this Court.

Boston, Massachusetts
Dated: _____, 2011

                                              Honorable Joan N. Feeney
                                              United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>PAUL G. NICOL and<br>DIANNE L. NICOL,<br><br>Debtors. | Chapter 7<br>Case No. 10-22567-JNF |

## CERTIFICATE OF SERVICE

I, Alex F. Mattera, hereby certify that, on this 29th day of December, 2010, I caused to be served a copy of the foregoing Application Of Donald R. Lassman, Chapter 7 Trustee, For Authority To Retain Demeo & Associates, P.C. As Counsel, Affidavit, Declaration, and proposed order to those appearing on the attached Service List via first-class mail, postage-prepaid, unless electronically served by the Court as indicated thereon.

/s/ Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA  02110
Telephone:    (617) 263-2600
Facsimile:    (617) 263-2300
Email:        amattera@jdemeo.com

## SERVICE LIST

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109
*(Electronically served by the Court)*

Donald Lassman
Law Offices of Donald Lassman
P. O. Box 920385
Needham, MA 02492
*(Electronically served by the Court)*

Dianne L. Nicol
923 Winter St.
Hanson, MA 02341

American Express
P.O. Box 981540
El Paso, TX 79998

Asset Recovery
2200 E. Devon Ave.
Des Plaines, IL 60018

BAC Home Loan Servicing
P.O. Box 15722
Wilmington, DE 19886

Bank of America
VCS
P.O. Box 59207
Minneapolis, MN 55459

Bank of America
P.O. Box 15102
Wlmington, DE 19886

Bay State Gas-Brockton
NCO Financial Systems, Inc.
296 Bennington St.
E. Boston, MA 02128

Jon H. Kurland
Kurland & Grossman, P.C.,
139 Billerica Road
Chelmsford, MA 01824
*(Electronically served by the Court)*

Paul G. Nicol
923 Winter St.
Hanson, MA 02341

ADA
P.O. Box 541614
Waltham, MA 02454

American Express
Daniels Law Office
P.O. Box 699241
Quincy, MA 02269

Associated Recovery Systems
P.O. Box 469046
Escodido, CA 92046

Bank of America
Allied Interstate
P.O. Box 361744
Columbus, OH 43236

Bank of America
P.O. Box 15726
Wilmington, DE 19886

Bank of America Consumer Finance
Plaza Associates
P.O. Box 2769
New York, NY 10116

Briarwood
30 Pine Valley Dr.
Falmouth, MA 02540

CCA
P.O. Box 31131
Rochester, NY 14603

Charland Enterprises
168 Benefit St.
Pawtucket, RI 02861

Citibank
NCO Financial Systems, Inc.
296 Bennington St.
E. Boston, MA 02128

Citicorp Credit MC
Academy Collection Services, Inc.
10965 Decatur Rd.
Philadelphia, PA 19154

Credit Information Bureau, Inc.
70 Jefferson Blvd.
Warwick, RI 02888

Dyck-O'Neal PC
15301 Spectrum Dr.
Addison, TX 75001

Emilio Kosman
4 Lafayette Ave.
Cumberland, RI 02864

GM Card
P.O. Box 37281
Baltimore, MD 21297

JC Christensen & Assoc.
P..O. Box 519
Sauk Rapids, MN 56379

McKay Plumbing and Heating
669 State Rd.
Plymouth, MA 02360

Narragansett Bay Commission
1 Service Rd.
Providence, RI 02905

CCA
300 Canal View Blvd.
Rochester, NY 14623

Chase Bank USA
JA Cambece Law Office
8 Bourbon St.
Peabody, MA 01960

Citibank/SD-Advantage Assets
Lustig, Glaser & Wilson
P.O. Box 9127
Needham, MA 02492

Continental Central Credit
of MA, Inc.
P.O. Box 131120
Carlsbad, CA 92010

Discover Bank
Zwicker & Assoc.
80 Minuteman Rd.
Andover, MA 01810

Dyck-ONeal, Inc.
PO Box 13370
Arlington, TX 76094

Foley & Foley, PC
143 Palmer Ave.
Falmouth, MA 02540

Heritage 1st USA/Chase
Northland Group, Inc.
P.O. Box 390846
Minneapolis, MN 55439

Land Planning
1115 Main St.
Hanson, MA 02341

NACM New York
300 Cana View Blvd.
Rochester, NY 14623

National Grid
P.O. Box 1048
Woburn, MA 01807

National Grid
P.O. Box 1005
Woburn, MA 01807

NCO Financial Systems
P.O. Box 15740
Wilmington, DE 19850

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

RUI Credit Services
P.O. Box 1349
Melville, NY 11747

Shaheen & Gordon PA
P.O. Box 977
Dover, NH 03820

The Patriot Ledge
P.O. Box 699159
Quincy, MA 02269

VanRu Credit Corp.
5230 Washington St.
W. Roxbury, MA 02132

Walker-Clay, Inc.
P.O. Box 688
Hanson, MA 02341

William and Martha Nicol
122 Washburn St.
Northboro, MA 01532

NCO Financial
P.O. Box 15740
Wilmington, DE 19850

Pawtucket Water Supply
85 Branch St.
Pawtucket, RI 02860

Rockland Trust Co.
288 Union St.
Rockland, MA 02370

Sears Premium Gold MC
P.O. Box 183082
Columbus, OH 43218

Solomon & Solomon PC
P.O. Box 15019
Albany, NY 12212

Universal Account Servicing
P.O. Box 147
St. Joseph's, MO 64502

Verizon NW
500 Technology Dr.
Weldon Spring, MO 63304

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131